UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN EHRLICH,<br><br>        Plaintiff,<br><br>    v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, et al.,<br><br>        Defendants. | Case No. 20-cv-02284-JST<br><br>**ORDER REGARDING REMEDY FOR CLAIM FOR BENEFITS**<br><br>Re: ECF No. 83 |

On August 8, 2024, the Court found, in relevant part, that Defendants Hartford Life and Accident Insurance Company and Aetna Life Insurance Company abused their discretion in terminating Plaintiff Steven Ehrlich's long-term disability benefits ("LTD benefits") as of June 28, 2019, and granted Plaintiff's motion for judgment under Rule 52 on his claim for LTD benefits.[1] *See* ECF No. 78. The Court declined to order a remedy at that time because the parties had not briefed that issue. *See id.* at 54–55. The Court ordered the parties to meet and confer regarding the appropriate remedy for Plaintiff's claim for benefits and to submit either a stipulation or a joint brief setting forth their respective positions. *See id.* Now before the Court is the parties' joint statement regarding the appropriate remedy. *See* ECF No. 83. For the reasons set forth below, the Court will order Defendants to reinstate Plaintiff's LTD benefits from June 28, 2019, through the date of judgment in this case.

/ / /

---

[1] The Court also granted Defendants' motion for summary judgment with respect to Plaintiff's claim for penalties, *see* ECF No. 78 at 55–56, but that ruling is not relevant to the resolution of the issue now before the Court.

## I. BACKGROUND

Before turning to the parties' arguments regarding the appropriate remedy, the Court first briefly reviews its findings with respect to Plaintiff's claim for LTD benefits.

Prior to the termination of his LTD benefits, Plaintiff had been receiving LTD benefits for a variety of physical conditions, including fibromyalgia, multiple neurological conditions, chronic pain, fatigue, and chronic bacterial infections, for at least a year under the Group Policy's "own occupation" standard of disability. *See* ECF No. 78 at 8–15. On April 26, 2019, Defendants informed Plaintiff that he was "totally disabled" and qualified for LTD benefits under the stricter, "any reasonable occupation" standard of disability based on the independent medical examination ("IME") conducted by Dr. Thomas Allems, who opined that Plaintiff could not sit, stand, walk, or perform fine manipulation with his hands (e.g., typing) for more than 2.5 hours in an eight-hour workday (hereinafter, "physical impairments").[2] *See id.* at 12–16. However, because Dr. Allems opined that Plaintiff's physical impairments were caused by severe depression and not a physical condition, Defendants informed Plaintiff that, starting on April 26, 2019, his LTD benefits would be based on a mental health condition and not a physical condition. As a consequence, he would need to submit proof within 60 days that he was under the care of a psychiatrist for a mental health condition. *See id.* Defendants continued to provide Plaintiff LTD benefits under the "any reasonable occupation" standard based on a mental health condition until June 28, 2019, when they informed him that his LTD benefits were terminated outright for failure to submit proof that he was receiving care from a psychiatrist for a mental health condition. *See id.* at 15–17. Plaintiff filed administrative appeals of Defendants' determinations that his physical impairments were caused by a mental health condition and not a physical condition and that he was required to submit proof that he was under the care of a psychiatrist for a mental health condition. Defendants denied the appeals on March 5, 2020. *See id.* at 22–23. Plaintiff then filed this action.

In its order of August 8, 2024, the Court found that Defendants abused their discretion in

---

[2] Dr. Allems' opinions that Plaintiff could not sit, stand, walk, or perform fine manipulation for more than 2.5 hours in an eight-hour workday were never disputed or challenged by Plaintiff during the administrative process or in this litigation.

terminating Plaintiff's LTD benefits for a number of reasons, each of which was sufficient to support the entry of judgment in favor of Plaintiff on his claim for benefits. *See id.* at 36–54. Those reasons included that Defendants: (1) erred in relying on Dr. Allems' opinions that Plaintiff's physical impairments were caused by a mental illness and not a physical condition because Dr. Allems failed to provide adequate support for those opinions and failed to take into account reliable evidence indicating that Plaintiff's physical impairments were caused by a physical condition and not a mental illness; (2) failed to credit Plaintiff's reliable evidence that his physical impairments were caused by a variety of physical conditions and not a mental illness without pointing to reliable evidence to the contrary; (3) emphasized reports generated by their own consultants that favored the termination of Plaintiff's LTD benefits based on a physical condition and deemphasized reports that supported an award of benefits based on a physical condition; (4) failed to sufficiently address a Social Security Administration decision awarding Plaintiff disability benefits based on a variety of physical conditions; and (5) failed to consult with a second physician (i.e., a physician other than Dr. Allems) as required by ERISA regulations regarding whether Plaintiff's physical impairments were caused by a mental health condition. *See id.*

The Court found:

> In the absence of Defendants' arbitrary and capricious conduct, Plaintiff would have continued to receive LTD benefits on the ground that he was disabled from any reasonable occupation because of a physical condition (e.g., fibromyalgia, autoimmune autonomic neuropathy, and inflammatory polyneuropathy) based on the evidence that Plaintiff submitted in support of his claim but that Defendants failed to credit, as discussed above; and because the record does not contain any reliable evidence that Plaintiff's functional limitations or pain levels had improved between April 2019, when Defendants determined that Plaintiff was totally disabled from any reasonable occupation based on the restrictions and limitations Dr. Allems found after conducting a physical ability assessment of Plaintiff, which Plaintiff did not appeal, and March 2020, when Defendants denied Plaintiff's appeal of the second termination of his LTD benefits.

*See id.* at 53–54. As noted, the Court instructed the parties to file a joint statement regarding the appropriate remedy for his claim for benefits. *See id.* at 55.

3

## II. DISCUSSION

In the joint brief now before the Court, Plaintiff argues that the appropriate remedy is an order requiring Defendants to pay him retroactive benefits from the date when his benefits were terminated, June 28, 2019, through the date judgment in this case. Plaintiff contends that this is the appropriate remedy because the Court found in its order of August 8, 2024, that he would have continued to receive LTD benefits because of a physical condition in the absence of Defendants' arbitrary and capricious conduct. *See* ECF No. 83 at 7–12.

Defendants contend that the appropriate remedy is to remand Plaintiff's LTD claim for further administrative review because "the record contains no evidence clearly establishing that Hartford should necessarily have awarded benefits" to Plaintiff. *See id.* at 4. In the alternative, Defendants argue that, if the Court is inclined to reinstate benefits, it should limit the benefits to the time period of June 28, 2019, to March 5, 2020, which is the date on which the administrative record closed, because a benefits award that extends beyond March 5, 2020, would have no support in the administrative record. *See id.* at 6.

In the Ninth Circuit, the retroactive reinstatement of benefits through the date of judgment is the appropriate, "equitable" remedy for a claim for benefits under ERISA where, "but for [the insurer's] arbitrary and capricious conduct, [the insured] would have continued to receive the benefits or where there [was] no evidence in the record to support a termination or denial of benefits." *See Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1163 (9th Cir. 2001) (citations and internal quotation marks omitted, alterations in the original). In these circumstances, "a plan administrator will not get a second bite at the apple when its first decision was simply contrary to the facts." *See id.* However, "the ERISA claimant whose *initial* application for benefits has been wrongfully denied is entitled to a different remedy than the claimant whose benefits have been terminated." *See Pannebecker v. Liberty Life Assur. Co. of Bos.*, 542 F.3d 1213, 1221 (9th Cir. 2008) (citation omitted, emphasis added). Where a plan administrator "has misconstrued the Plan and applied a wrong standard" in an initial benefits determination, "remand for reevaluation of the merits of a claim is the correct course to follow[.]" *See Grosz-Salomon*, 237 F.3d at 1163 (citation and internal quotation marks omitted); *see also*

4

*Pannebecker*, 542 F.3d at 1221 ("Where an administrator's initial denial of benefits is premised on a failure to apply plan provisions properly, we remand to the administrator to apply the terms correctly in the first instance.").

Here, as noted, the Court concluded in its order of August 8, 2024, that Defendants abused their discretion in terminating Plaintiff's LTD benefits as of June 28, 2019, and found that Plaintiff would have continued to receive LTD benefits based on a variety of physical conditions in the absence of Defendants' arbitrary and capricious conduct. *See* ECF No. 78 at 53–54. The Court did not find that Defendants abused their discretion by misconstruing the Group Policy or applying the wrong standard in making a benefits determination. Accordingly, the appropriate, "equitable" remedy under *Grosz-Salomon* is the reinstatement of Plaintiff's LTD benefits from the date on which they were terminated (June 28, 2019) through the date of judgment in this case. *See Grosz-Salomon*, 237 F.3d at 1163.

Defendants' arguments to the contrary are not persuasive. First, Defendants argue that the record contains no evidence establishing that "Plaintiff is entitled to benefits" and that "the Court made no such finding." *See* ECF No. 78 at 3–4. That is incorrect. As noted, the Court found in its order of August 8, 2024 (1) that Plaintiff had received LTD benefits under the "any reasonable occupation" standard starting on April 26, 2019, because Defendants concluded that he "totally disabled" based on IME findings that he could not sit, stand, walk, or perform fine manipulation with his hands (e.g., typing) for more than 2.5 hours in an eight-hour workday; (2) that Defendants abused their discretion in attributing Plaintiff's physical impairments and resulting disability to a mental illness as opposed to a physical condition, and in terminating Plaintiff's LTD benefits as of June 28, 2019, on the basis that he was disabled because of a mental health condition and was required, but failed, to submit proof that he was under the care of a psychiatrist for a mental health condition; and (3) that in the absence of Defendants' arbitrary and capricious conduct, Plaintiff would have continued to receive LTD benefits "on the ground that he was disabled from any reasonable occupation because of a physical condition" based on the evidence that Plaintiff submitted in support of his claim but that Defendants failed to credit, and because the record does not contain any reliable evidence that Plaintiff's functional limitations or pain levels had

improved. Given those findings, the reinstatement of benefits from the date of termination through the date of judgment is the appropriate remedy under *Grosz-Salomon*. *See* 237 F.3d at 1163.

Second, Defendants argue that *Grosz-Salomon* is inapposite because, in that case, the Ninth Circuit held that the reinstatement of benefits was appropriate because the district court found "on *de novo* review" that the plan administrator had reached the wrong conclusion in terminating the plaintiff's disability benefits, whereas here the applicable standard of review is abuse of discretion and the Court "cannot substitute its judgment for [that of] the administrator." *See* ECF No. 83 at 3–4 (emphasis in the original). That argument fails. In *Grosz-Salomon*, the Ninth Circuit held that, regardless of whether the plan documents confer discretion on the plan administrator to interpret the plan to make benefits determinations, the appropriate remedy depends on whether the plan administrator reached the wrong conclusion in terminating the plaintiff's disability benefits as opposed to having misconstrued the plan or applied the wrong standard to the benefits determination. *See* 237 F.3d at 1162–63. The Ninth Circuit held that, in the former scenario, the retroactive reinstatement of benefits is the appropriate remedy, whereas remand is the appropriate remedy in the latter scenario. *See id.* Because the district court in *Grosz-Salomon* found that the plan administrator reached the wrong conclusion in terminating the plaintiff's disability benefits and did not find that the plan administrator misconstrued the plan or applied the wrong standard in making the benefits determination, the Ninth Circuit held that the appropriate remedy was the retroactive reinstatement of benefits through the date of judgment. *See id.* Similarly, here, the Court found in its order of August 8, 2024, that Defendants came to the wrong conclusion in terminating Plaintiff's LTD benefits and that Plaintiff would have continued to receive such benefits in the absence of Defendants' arbitrary and capricious conduct; it did not find that Defendants misconstrued the Group Policy or applied the wrong standard when reviewing Plaintiff's claim for LTD benefits. Accordingly, under *Grosz-Salomon*, the reinstatement of benefits through the date of judgment, not remand, is the appropriate remedy, regardless of whether Defendants have discretion under the Group Policy to interpret its terms to make benefits determinations. *See id.*

1     Third, Defendants contend that remand is necessary because they are entitled to the
2  opportunity to consult with a mental health professional to "confirm or refute" Dr. Allems'
3  opinion that Plaintiff's physical impairments are caused by a mental illness. *See* ECF No. 83 at
4  5–6. Defendants contend that they must be permitted to confirm or refute Dr. Allems' opinions
5  because, if additional evidence confirms Dr. Allems' opinion that Plaintiff's physical impairments
6  are caused by a mental illness on remand, then Plaintiff will not be entitled to LTD benefits
7  beyond June 28, 2019, because he has refused to obtain treatment for a mental illness. *See id.*
8  This argument also fails. Defendants had the opportunity to "confirm or refute" Dr. Allems'
9  opinion that Plaintiff's physical impairments were caused by a mental illness during the
10 administrative process. In fact, as discussed in the Court's order of August 8, 2024, they were
11 required to do so under applicable ERISA regulations. *See* ECF No. 78 at 31–32. Defendants
12 have not explained why they failed to "confirm or refute" Dr. Allems' opinions regarding
13 Plaintiff's purported mental illness during the administrative process. Defendants also have not
14 cited any authority that, following a court finding that the plan administrator abused its discretion
15 in terminating a claimant's disability benefits, the court must remand the claim at the plan
16 administrator's request for the purpose of allowing the plan administrator to consult with a
17 medical professional with whom it could have consulted during the administrative process. The
18 cases that Defendants cite for the proposition that remand is the appropriate remedy are
19 distinguishable. In those cases, remand was appropriate because the plan administrator
20 misconstrued the plan documents or applied an incorrect standard when reviewing the claimant's
21 disability claim, or because *the claimant* requested remand so that the administrative record could
22 be reopened to add new evidence that could support her *initial* disability benefits claim.[3] Here, by

---

[3] In *Saffle v. Sierra Pac. Power Co. Bargaining Unit Long Term Disability Income Plan*, 85 F.3d 455, 456 (9th Cir. 1996) and *Patterson v. Hughes Aircraft Co.*, 11 F.3d 948, 950 (9th Cir. 1993), the plan administrator misconstrued the plan documents and applied an incorrect standard to its benefits determination during the administrative process. The Ninth Circuit held that remand was necessary so that the plan administrator could apply the plan terms correctly in the first instance. Here, by contrast, it is not the case that Defendants misconstrued the plan documents or applied an incorrect standard when reviewing Plaintiff's LTD benefits claim.

In *Demer v. IBM Corp. LTD Plan*, 835 F.3d 893, 907–08 (9th Cir. 2016), the plan administrator abused its discretion in denying the claimant's *initial* application for disability benefits under the

7

contrast, Defendants did not misconstrue the Group Policy or apply an incorrect standard when reviewing Plaintiff's LTD benefits claim, and Plaintiff has not requested remand so that new evidence can be added to the administrative record to support an initial benefits claim.

Moreover, the Court found in its August 8, 2024, order, that the administrative record already contains ample reliable evidence about the cause of Plaintiff's physical impairments; that evidence indicates that Plaintiff's physical impairments are caused by a variety of physical conditions and not a mental illness. *See*, *e.g.*, ECF No. 78 at 17, 41–49. The Court found that Defendants abused their discretion by concluding, despite that evidence, that Plaintiff's physical impairments were caused by a mental illness and not a physical condition. Defendants are not entitled to a "second bite at the apple" (i.e., remand) in those circumstances. *See Grosz-Salomon*, 237 F.3d at 1163 ("[A] plan administrator will not get a second bite at the apple when its first decision was simply contrary to the facts.").

Fourth, Defendants argue that, if the Court is inclined to reinstate benefits, it should limit

---

"any occupation" disability standard, and the Ninth Circuit held that remand was necessary to permit the plan administrator to determine in the first instance whether the claimant was disabled under that standard, as the record did not show that the plan administrator should have awarded the claimant benefits under that standard. *See id.* Here, by contrast, the Court found that Defendants abused their discretion in *terminating* LTD benefits that Plaintiff had been receiving under the "any reasonable occupation" standard, and that Plaintiff would have continued to receive such benefits in the absence of Defendants' arbitrary and capricious conduct. As noted above, a claimant whose initial application for benefits has been wrongfully denied is "entitled to a different remedy than the claimant whose benefits have been terminated." *See Pannebecker*, 542 F.3d at 1221 (citation omitted). The appropriate remedy for the *termination* of Plaintiff's LTD benefits is governed by *Grosz-Salomon*.

In *Hoffman v. Screen Actors Guild-Producers Pension Plan*, 571 F. App'x 588, 589–91 (9th Cir. 2014) (unpublished), which is not binding, the claimant appealed the district court's finding that the plan administrator had *not* abused its discretion in denying her initial claim for disability benefits, arguing that the district court should have remanded her claim to the plan administrator to permit new evidence of disability to be added to the administrative record, which the plan administrator had failed to obtain in the first instance. *See id.* The Ninth Circuit agreed and remanded the benefits claim to the plan administrator on the ground that it was possible that additional evidence could support the claimant's benefits claim on remand. *See id. Hoffman* is distinguishable for two reasons. First, here, the Court has not found that Defendants did not abuse their discretion in terminating Plaintiff's LTD benefits, and Plaintiff does not argue that his benefits claim should be remanded so that the administrative record can be supplemented with additional evidence that could support his claim. Second, *Hoffman* involved a denial of an *initial* disability benefits claim, not the *termination* of disability benefits that the claimant had been receiving, which is what is at issue here. As discussed above, the appropriate remedy for the *termination* of benefits is governed by *Grosz-Salomon*.

8

the benefits to March 5, 2020, because that is the date when the administrative process ended with the issuance of their final denial letter. *See* ECF No. 83 at 6. Defendants contend that awarding Plaintiff benefits beyond March 5, 2020, would be contrary to the terms of the Group Policy, which require ongoing proof of disability, because "the record contains no information upon which Plaintiff can prove disability beyond that date." *See id.* This argument fails in light of *Grosz-Salomon*. There, as noted, the Ninth Circuit held that the appropriate remedy was the reinstatement of benefits *through the date of judgment* because the plan administrator reached the wrong conclusion in terminating the plaintiff's benefits. In so holding, the Ninth Circuit implicitly rejected arguments that are similar to those that Defendants make here, namely that an order reinstating benefits through the date of judgment was not the appropriate remedy because it "usurped [the plan administrator's] prerogatives as plan administrator and necessarily relied on facts not in evidence." *See Grosz-Salomon*, 237 F.3d at 1162–63. Here, the Court rejects Defendants' arguments for the same reason that the Ninth Circuit rejected similar arguments made by the plan administrator in that case, which is that, because Defendants reached the wrong conclusion in terminating Plaintiff's LTD benefits and because such benefits would have continued in the absence of Defendants' arbitrary and capricious conduct, an order reinstating Plaintiff's LTD benefits through the date of judgment is the appropriate remedy.

## CONCLUSION

For the reasons discussed above, the Court orders Defendants to reinstate Plaintiff's LTD benefits from June 28, 2019, through the date of judgment in this case. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: March 28, 2025

_____
JON S. TIGAR
United States District Judge